**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

NELSON E. ROCKWELL,

                        Plaintiff,

vs.

                        Case No. 10-CV-626-JHP-FHM

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

                        Defendant.

## OPINION AND ORDER

The Motion Under F.R.C.P. 60 to Extend Time to Request Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. 28] is before the court for decision. The Commissioner has not filed a brief in response to this motion. The Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) is GRANTED.

The court remanded this case to the Commissioner for further administrative action, pursuant to sentence four of 42 U.S.C. § 406(g). On December 10, 2012, the Commissioner issued a decision finding Plaintiff disabled and awarding benefits under the Social Security Act from November 5, 2005 through June 6, 2011. [Dkt. 28-1, p. 17]. In *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006), the Court ruled that attorney fees are awardable under 42 U.S.C. § 406(b)(1) when the Social Security Administration awards disability benefits to a claimant following a remand from the federal court. In such a circumstance the authority of Fed. R. Civ. P. 60(b) is employed to allow counsel to seek fees under §406(b)(1) long after the usual fourteen days allotted by Fed. R. Civ. P. 54((d)(2)(B)(i) for filing a motion for attorney fees has expired. *McGraw*, 450 F.3d at 505. The *McGraw Court* cautioned that a motion for fees under §406(b)(1) "should be filed

within a reasonable time of the Commissioner's decision awarding benefits." *Id*. This court has stated that a reasonable time for filing a motion under Rule 60(b) for consideration of a motion for fees under §406(b)(1) will be considered in terms of weeks or months of the date of the ALJ's favorable decision. *Bernal v. Astrue*, 611 F.Supp.2d 1217, 1220 (N.D. Okla. 2009).

Counsel's motion for relief under Rule 60(b) was filed on December 19, 2012, before the expiration of the 60 day period for seeking review of the ALJ's decision during which time the Appeals Council can initiate review of the decision (the appeal period). According to counsel:

> applicable case law from this Court stating that the Rule 60
> motion should be filed shortly after the issuance of the ALJ
> decision on remand suggests it is improper for counsel to wait
> to file a Rule 60 motion until after the regulatory 60 day period
> runs making the ALJ's decision the final decision of the
> agency.

[Dkt. 28, p. 4]. Interestingly, counsel does not point to any language that would lead any experienced attorney to the conclusion that it would somehow be "improper" to wait until the expiration of the appeal period to file a Rule 60 motion. The court has not found any such language.

Counsel's motion, having been filed before the expiration of the 60 day appeal period, is premature. Regardless of whether Plaintiff is inclined to appeal the decision, the Appeals Council may decide to review the decision of its own accord. 20 C.F.R. § 404.969; [Dkt. 28-1, p. 3]. However, since the Commissioner has not objected, the motion requests only an extension of time and not substantive relief, and it would be wasteful of resources to deny the motion to have it re-filed days later, the motion will not be denied on

the basis that it is premature.  Counsel is advised that the better practice, and one which the court expects counsel to follow, is to file a Rule 60(b) motion <u>after</u> the expiration of the appeal period.  Counsel is required to promptly advise the court if the Appeals Council decides to review this case. [Dkt. 28-1, p. 3].

Counsel represents that, as of the date of filing the instant motion, the Notice of Award containing the amount of past due benefits has not been received.  Consequently, the amount of the contingent attorney fee cannot be ascertained.  Counsel requests an order allowing the filing of the motion for 406(b) fees within thirty days of receipt of the Notice of Award.  The court finds that a thirty day extension of time is reasonable.

The Motion Under F.R.C.P. 60 to Extend Time to Request Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. 28] is GRANTED.  A motion for an attorney fee award under §406(b), together with the required notice to Plaintiff and statement concerning any objection thereto, may be filed within 30 days of the Notice of Award.

SO ORDERED this 14th day of January, 2013.

_Frank H. McCarthy_

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

3